UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN ARMANDO HERNANDEZ SANTILLAN,

Plaintiff,

v.

OFFICER ZEMEL,

Defendant.

Case No. 1:26-cv-08644-KES-CDB

ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

(Doc. 2)

FIRST SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF

(Doc. 1)

**30-DAY DEADLINE**

Plaintiff Kevin Armando Hernandez Santillan ("Plaintiff"), proceeding pro se, initiated this action with the filing of a civil rights complaint under 42 U.S.C. § 1983 on October 19, 2026, against Defendant Officer Zemel ("Defendant"). (Doc. 1).

## I. Motion to Proceed *In Forma Pauperis*

Plaintiff has filed a motion to proceed *in forma pauperis* without prepaying fees or costs pursuant to 28 U.S.C. § 1915. (Doc. 2). The Court finds Plaintiff has made the showing required by § 1915, and the request to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(a) (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

///

## II. <u>Screening Requirement</u>

### A. Federal Rule of Civil Procedure 8(a)

As to the status of the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), federal courts must screen *in forma pauperis* complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *see also id.* at 1129 ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Pleadings by self-represented litigants are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n .9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation") (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. Plaintiff's Allegations[1]

Plaintiff names Officer Zemel as the sole Defendant in his complaint. (Doc. 1 at 2). Plaintiff alleges that while he was in his vehicle in a parking lot, Officer Zemel knocked on his car door, informed Plaintiff that he is in an unauthorized parking spot and asked for his identification. After Plaintiff responded that he was a customer at Vons and asked "what his probable cause is," Officer Zemel "change[d his] excuse to lounging" because Plaintiff has "been parking for [awhile]." Plaintiff responded that he went for a run and "just came back." *Id.* at 6. Officer Zemel handcuffed Plaintiff "without resistance" and called for backup on his radio.

Plaintiff alleges that Officer Zemel rushed him to the police car and "starts to torture" him with a wrist lock and "unlawfully abused [Plaintiff] physically and verbally." *Id.* As Plaintiff began shouting in pain, Officer Zemel proceeded to unlawfully search his car without his permission or any probable cause. Plaintiff thereafter was sent to the police station and faced continued verbal abuse from Officer Zemel.

---

[1] The undersigned accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff alleges that when he was on the case to remove an unwarranted ticket, he asked for discovery and received edited footage of the police incident in which Officer Zemel "completely altered/removed between cues that showed he was abusing [Plaintiff] like the wrist lock and removed other details in his favor." *Id.*

Plaintiff asserts five (5) claims for relief: (1) Fourth Amendment excessive force and policy brutality in violation of 42 U.S.C. § 1983 ("Count I"); (2) Fourth Amendment unlawful search and seizure in violation of § 1983 ("Count II"); (3) Fourteenth Amendment denial of due process and evidence tampering in violation of § 1983 ("Count III"); (4) state law tort claim for civil assault and battery ("Count IV"); and (5) state law tort claim for intentional infliction of emotional distress ("Count V"). *Id.* at 7.

In Count I, Plaintiff alleges Defendant owed him a duty to refrain from using unreasonable physical force and that he violated the Fourth Amendment by using excessive and brutal force against Plaintiff during the arrest, resulting in severe physical injuries and requiring ongoing medical care. *Id.*

In Count II, Plaintiff alleges Defendant conducted a physical search of his vehicle without a warrant, consent, or probable cause in violation of his Fourth Amendment right to be secure in his effects against unreasonable searches. *Id.*

In Count III, Plaintiff alleges Defendant intentionally edited, altered, or deleted sections of the official video recording of the incident to conceal unlawful actions and that "[t]his bad faith destruction and falsification of evidence constitutes spoliation, violates [his] Fourteenth Amendment Due Process rights, and compromises [his] access to a fair court proceeding." *Id.*

In Count IV, Plaintiff alleges Defendant intentionally touched him in a harmful and offensive manner without consent. *Id.*

In Count V, Plaintiff alleges Defendant's "brutal conduct, followed by an intentional cover-up and tampering of evidence, was extreme, outrageous, and done with reckless disregard for the severe emotional distress it caused [him]." *Id.*

In his prayer for relief, Plaintiff seeks compensatory damages for physical injuries, medical bills, and emotional distress, as well as punitive and exemplary damages "for acts committed with

malice, oppression, and fraud[.]" *Id.* at 8. The complaint is dated October 13, 2026, and signed by Plaintiff. *Id.*

## IV. Discussion

Upon preliminary screening, the Court finds Plaintiff's complaint fails to comply with Rule 8 of the Federal Rule of Civil Procedure. Rule 8, which requires the pleading party's complaint to set forth "a short and plain statement" of the claims, has been interpreted to require sufficient factual allegations that "give fair notice" and "enable the opposing party to defend itself effectively." *Eclectic Props. E., LLC v. Marcus and Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014).

Plaintiff's complaint fails to satisfy the "fair notice" standard. The complaint lacks any allegation concerning the time and place of the events at issue, where geographically the events occurred, or the identity of the law enforcement agency involved. The complaint alludes to, but does not clearly describe excerpted portions of the edited footage such that the Court is unable to follow Plaintiff's allegations or the circumstances regarding what was edited or removed in the footage at issue. Additionally, the allegations supporting each claim for relief are deficient and conclusory recitals of the elements of each claim such that the allegations do not provide Defendant fair notice of the claims and grounds supporting them. *Swierkiewicz*, 534 U.S. at 513; *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Because the complaint does not set forth sufficient factual allegations to state a claim, the Court will grant Plaintiff leave to file an amended complaint if he wishes to remedy these general deficiencies. Should Plaintiff elect to file an amended complaint, it must include a short and plain statement of his claims, identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8(a).

## Conclusion and Order

For the reasons set forth above, the Court finds the complaint fails to comply with Rule 8 and fails to state any cognizable claim against any Defendant. Because he may be able to cure the

deficiencies in his pleading, Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez*, 203 F.3d at 1130.

If Plaintiff wishes to file a first amended complaint, any such amended complaint should be brief (Fed. R. Civ. P. 8(a)), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights (*Iqbal*, 556 U.S. at 678-79). Although accepted as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining no "buckshot" complaints permitted).

Finally, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.2 (9th Cir. 2012). If Plaintiff elects to proceed with this action by filing an amended complaint, the Court cannot refer to a prior pleading in order to make an amended complaint complete. *See* E. D. Cal. Local Rule 220. The amended complaint must be complete in itself without reference to the prior or superseded pleading. Once the amended complaint is filed, the original pleading no longer serves any function in the case. Thus, in the amended complaint, Plaintiff must re-plead all elements of his claims, including all relevant facts, even the ones not addressed by this screening order.

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED;
2. The Clerk of the Court shall send Plaintiff a civil rights complaint form; and
3. **<u>Within 30 days</u>** from the date of service of this order, Plaintiff must either:
   a. File a first amended complaint curing the deficiencies identified by the Court in this order; or
   b. File a notice expressing Plaintiff's desire to proceed on the complaint as filed, following which the undersigned will recommend that the complaint be dismissed; or
   c. File a notice of voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

**If Plaintiff fails to timely comply with this order, the Court will recommend that**

**this action be dismissed for failure to state a claim, failure to obey a court order, and/or failure to prosecute.**

IT IS SO ORDERED.

Dated: **November 3, 2026**

UNITED STATES MAGISTRATE JUDGE